CC: PSA, USM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

EUGENE HENLEY, JR., *et al.*,

Defendants.

Case No. 2:25-cr-00211-FLA

**ORDER GRANTING *EX PARTE* APPLICATION TO CONTINUE TRIAL AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT [DKT. 301]**

## ORDER

On April 10, 2026, defendants Mark Martin ("Martin") and Sylvester Robinson ("Robinson"), along with attorneys of record for defendant Eugene Henley, Jr. (collectively with Martin and Robinson, the "moving parties"), filed an *Ex Parte* Application for a Continuance ("Application") of the trial date in this action.  Dkt. 301 ("App.").  The Application asks that trial be continued from May 5, 2026, to February 16, 2027.  *Id.* at 1.[1]  Plaintiff United States of America (the "government") filed an Opposition.  Dkt. 310 ("Opp'n").

---

[1] The court cites documents by the page numbers added by the court's CM/ECF system, rather than any page numbers that appear within the documents natively.

1

The matter came on for hearing on April 17, 2026 (the "Hearing").  At the Hearing, the moving parties argued they needed additional time to prepare given, *inter alia*, the complexity of the action, the nature and volume of discovery produced by the government, recent additional discovery disclosures by the government, the need to conduct further investigation and trial preparation, and delays in payments to counsel appointed pursuant to the Criminal Justice Act ("CJA") throughout 2025.

Martin and Robinson are on pretrial release awaiting trial.  Dkt. 118 at 3.  Co-defendant Eugene Henley, Jr. ("Henley"), who is detained pending trial, opposes any further continuance of the trial date, as he has throughout the action.  *See id.*; App. at 1.  The remaining four defendants, including co-defendant Termaine Ashley Williams ("Williams"), who is also detained pending trial, support the request for a continuance of the trial date and submitted all trial conflicts.  App. at 19.  All defendants are currently represented by court-appointed CJA counsel.

The moving parties have made a sufficient showing of diligence for the court to grant a further continuance.  The government's investigation underlying this action spanned several years, and the discovery in this action is voluminous.  App. at 8.  Even excluding documents the government has indicated it will not offer during its case-in-chief at trial, there are at least "591,741 files of discovery – some of which contain multiple lengthy audio/video files under one Bates-stamp." *Id.* at 7.  "[T]he government has disclosed an additional 24,918 files of discovery" since the court's January 6, 2026 hearing on the previous motion to continue.  *Id.* at 4.  "On March 25, 2026, the government provided defense counsel for all defendants with a 23-page 'Preliminary Exhibit List' that lists out approximately 311 exhibits." *Id.*  Defendants in this action have collectively filed sixteen substantive pretrial motions totaling more than one thousand pages of briefing, and several motions *in limine*.  App. at 4; Opp'n at 14.

The moving parties contend "a lack of a continuance would result in ineffective assistance of counsel."  App. at 9.  They further contend that "due to the sheer scope

2

of the discovery, review and adequate preparation for trial is an impossible task in the current time frame." *Id.*  Counsel have worked together to split up tasks and cooperate where possible and provided the court with *in camera* attorney declarations detailing what work that has been done to date and why more time is needed to complete specific outstanding tasks. *Id.* at 7, 9.

The court hereby finds that the Application, which this court incorporates by reference into this Order, along with the representations of counsel at the Hearing and in their sealed declarations, demonstrate facts that support a continuance of the trial date in this matter, and provide good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The court further finds that: (i) the case is sufficiently complex, due to the number of defendants and the nature of the prosecution, including the volume of discovery that has been and is expected to be produced, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; (ii) the ends of justice served by the continuance outweigh the best interest of the public and the defendants in a speedy trial; (iii) the failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iv) the failure to grant the continuance would unreasonably deny defendants continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence; and (v) any delay as to defendant Henley is reasonable as he is joined for trial with codefendants as to whom the time for trial has not run and no motion for severance has been granted.

## **RULING**

Therefore, for good cause shown:

1.  The court GRANTS the Application (Dkt. 301).
2.  The trial in this matter is CONTINUED from May 5, 2026, to February 16, 2027.  The pretrial conference is CONTINUED to February 3, 2027.

3. The time period of April 10, 2026, the date the Application was filed, to February 16, 2027, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. § 3161(h)(1)(D), (h)(6), (h)(7)(A), and (h)(7)(B)(i),(ii), and (iv).

4. All defendants are ORDERED to appear before this court at the United States Courthouse, 350 W. 1st Street, Los Angeles, California on February 3, 2027, at 10:30 a.m., and on February 16, 2027, at 8:15 a.m. No waivers of appearance shall be accepted for either date.

5. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

Dated: April 20, 2026

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

4