CHARLES C. BROWN, ESQ. (Bar No. 179365)
(E-Mail: charlesbrown@parzivalgroup.com)
1 South Fair Oaks Avenue, Suite 204
Pasadena, California 91105
Telephone: (626) 594-4874

The Law Office Of Andrea L. Luem
ANDREA L. LUEM, ESQ. (Pro Hac Vice)
andrea@luemlaw.com
NV Bar No. 8844
CO Bar No. 32106
400 S. 4th Street, Suite 500
Las Vegas, NV 89101
Telephone:702-575-0481

Attorneys for Defendant
EUGENE HENLEY, JR.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

EUGENE HENLEY, JR., et al.,

Defendants.

Case No. 2:25-CR-00211-FLA

**[Proposed] Order Granting Defendant Eugene Henley, Jr.'s Ex Parte Application To Continue Trial To October 19, 2027, Vacate All Scheduled Hearings, And Set An Early Status Conference; Findings Of Excludable Time Under The Speedy Trial Act**

The Court has read and considered defendant Eugene Henley, Jr.'s Ex Parte Application to Continue Trial to October 19, 2027, Vacate All Scheduled Hearings, Set an Early Status Conference, and Exclude Time Under the Speedy Trial Act, the supporting Declaration of Charles C. Brown, the government's position, and the files and records of this case. Good cause appearing, the Court FINDS as follows:

1. Defendant has shown good cause to proceed ex parte. Hearings in this matter are set to occur before a noticed motion could be heard, and the circumstances requiring relief were not created by the defense.

2. Current defense counsel were appointed on September 25, 2026. Dkt. 447. The trial date of February 16, 2027, Dkt. 329, falls 144 days after that appointment.

3. The Second Superseding Indictment, filed July 29, 2026, charges seven defendants, names defendant in 50 counts, and alleges 209 overt acts over a period beginning in or about 2010. Dkt. 377. The government has filed a Notice of Complex Case. Dkt. 384. Discovery to date comprises 42 productions totaling 1,121,068 pages, 29,612 audio and video files, and approximately 219 gigabytes of data, together with eight forensic device extractions, and includes recorded communications, financial records, digital evidence, and materials subject to a protective order.

4. This case is so unusual and so complex, due to the number of defendants, the nature of the prosecution, and the volume and character of the discovery, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act or under the present schedule. 18 U.S.C. § 3161(h)(7)(B)(ii).

5. Defense counsel have exercised due diligence since appointment, including client meetings, investigation, transcription and review of recorded communications, and organization of discovery. The defense team has also lost its paralegal support since appointment. Failure to grant the requested relief would deny counsel for defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

6. Failure to grant the requested relief would be likely to result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i).

/

/

7. The Court has considered defendant's detention since March 2025, the government's opposition, the positions of the co-defendants, and the inconvenience to the Court, the parties, and witnesses. A continuance of eight months is reasonable and is tied to the specific preparation the record shows remains. The ends of justice served by the relief granted outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

THEREFORE, IT IS ORDERED:

1. The jury trial is CONTINUED from February 16, 2027, to October 19, 2027, at 8:15 a.m. The final pretrial conference is CONTINUED from February 3, 2027, to October 6, 2027, at 10:30 a.m.

2. The following hearings, set under the First Amended Order Setting Pretrial Motions Hearing Schedule, Dkt. 360, are VACATED: October 28, 2026 (Dkts. 270, 272, 277); November 4, 2026 (Dkts. 273, 288); November 18, 2026 (Dkt. 268); December 2, 2026 (Dkt. 271); and December 9, 2026 (Dkt. 269). All other hearings currently scheduled before this Court in this matter are also VACATED.

3. An early status conference is set for _______________, 2026, at _______ __.m., in Courtroom 6B. Not later than seven days before the status conference, the parties shall meet and confer and file a joint proposed schedule for pretrial motions and hearings, including the severance motions (Dkts. 170, 172, 181, 182), consistent with the October 19, 2027 trial date. At the conference, the parties shall also address the status of discovery review, staffing, investigation, and expert work.

4. The time period from February 16, 2027, through and including October 19, 2027, is excluded in computing the time within which trial must commence, under 18 U.S.C. § 3161(h)(7)(A) and (B)(i), (ii), and (iv).

5. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period

within which trial must commence, including time excludable under 18 U.S.C. § 3161(h)(1)(D) for pending motions.

6. The Clerk shall transmit a copy of this Order to the chambers of the Honorable Hernan D. Vera, before whom the Title III suppression motions are pending. Dkts. 361, 451, 452.

IT IS SO ORDERED.

DATED: ______________________

HON. FERNANDO L. AENLLE-ROCHA
UNITED STATES DISTRICT JUDGE

Presented by:

/s/ *Charles C. Brown*
CHARLES C. BROWN
Counsel for Eugene Henley, Jr.