CHARLES C. BROWN, ESQ. (Bar No. 179365)
(E-Mail: charlesbrown@parzivalgroup.com)
1 South Fair Oaks Avenue, Suite 204
Pasadena, California 91105
Telephone: (626) 594-4874

THE LAW OFFICE OF ANDREA L. LUEM
ANDREA L. LUEM, ESQ. (*Pro Hac Vice*)
(E-Mail: andrea@luemlaw.com)
NV Bar No. 8844; CO Bar No. 32106
400 S. 4th Street, Suite 500
Las Vegas, Nevada 89101
Telephone: (702) 575-0481

Attorneys for Defendant
EUGENE HENLEY, JR.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

EUGENE HENLEY, JR., *et al.*,

Defendant.

Case No. 2:25-cr-00211-FLA

**Declaration Of Charles C. Brown In Support of Supplemental Statement of Facts Challenging Title III Wiretap Application**

Judge: Hon. Hernán D. Vera

# DECLARATION OF CHARLES C. BROWN

I, Charles C. Brown, declare:

1. I am an attorney licensed to practice in California and before this Court. On September 25, 2026, I was appointed with Andrea L. Luem to represent defendant Eugene Henley, Jr. (Dkt. 447.) I know the facts below from my own work on this case and from the report of the defense team members dated October 25, 2026. I sought to file a prior version of this declaration for the Court's *in camera* review but that request was denied.

2. On November 2, 2022, the case agent sought a Title III wiretap of Mr. Henley's phone. In support of that application, he swore that on December 2, 2022, Mr. Henley extorted a person identified as CHS-1 ("the informant").

3. In summary, the case agent alleged that Mr. Henley demanded the informant pay him $30,000 for Mr. Henley's appearance at a birthday party event the informant arranged at a downtown club on December 2, 2021 – and that if Mr. Henley was not paid, he and others would tear up the club.

4. This purported threat from Mr. Henley to the informant was a cornerstone of the special agent's wiretap application. Its genesis was an operation on November 29, 2021, where the government fitted the informant with a recording device and the informant invited Mr. Henley and friends to his apartment for a lunch to celebrate Mr. Henley's birthday. There, the informant pitched the idea of a birthday party at club Déjà Vu to Mr. Henley. The informant claimed that if Mr. Henley could arrange for famous hip hop artists to appear at the event, the event would be a huge financial success.

5. Mr. Henley was skeptical of the idea and told the informant that he didn't need or want a birthday celebration and that it was too short a time frame to coordinate with top artists to appear.[1]

6. The December 2 call was provided to the Title III Court entirely out of context. It was a partial artifact of a much fuller and more nuanced conversational thread. It was Mr. Henley expressing frustration and bewilderment with the fact that the informant continued to promote an event with the promise of big name artists he knew were not available and using Mr. Henley's name and standing in the community as a part of that same promotion without his permission.

7. Troubling is the fact that the government used this fragmented relic to form the basis of the March 17, 2025 criminal complaint against Mr. Henley and the recent second superseding indictment's Count 18 and Overt Acts 116 to 121.

8. More troubling however, is the fact that the case agent's and the government's narrative morphed from the time of the original wiretap application to now. Then, it was Mr. Henley directly extorting the informant for $30,000. Now, the case agent and the government claim that Mr. Henley's alleged "threats" became somehow directed to a person identified as Victim 2 – the club manager at the time of the birthday event.

9. Based on the defense team's investigation, it appears that these claims with respect to alleged Victim 2 are false.

10. On October 24, 2026, members of the defense team interviewed Victim 2 in person.

11. Victim 2 said that the informant indeed booked Mr. Henley's birthday party at Déjà Vu for December 2, 2021, and promised Victim 2 that celebrity talent

---

[1] As the lunch gathering concluded, the informant on his own accord gave Mr. Henley $500 as a birthday "gift." This money was sourced by the FBI and provided to the informant as part of the November 29th operation. This "gift" later became the basis for Overt Act 65, where the government alleges that Mr. Henley extorted the informant for this amount.

would be at the event. But Victim 2 never agreed with the informant to pay Mr. Henley for that event, so he was surprised to learn later that the informant had promised Mr. Henley money for his appearance that night and that Mr. Henley was expecting a share of the night's proceeds.

12. When Mr. Henley arrived at the club that night and asked Victim 2 about his appearance fee, there was some initial confusion because Victim 2 did not know what he was talking about. Victim 2 recounted that he, the informant, and Mr. Henley went upstairs to the club's office to try to resolve the misunderstanding. Realizing that the informant was the cause of the misunderstanding, Victim 2 and Mr. Henley both asked him to leave the office. After further discussions, Victim 2 and Mr. Henley reached an amicable agreement about the amount Mr. Henley would be paid.

13. Victim 2 told the defense that he was not robbed or extorted. He said the account of these events in the agent's narrative is false.

14. Victim 2 said the informant owed him money for a previous unrelated debt and that the informant was not trustworthy had also been stealing, or "skimming," money from Déjà Vu.

15. Victim 2 said he kept booking events with Mr. Henley after December 2021, including events with Mike Tyson, T.I., and The Game.

16. I ask the Court to order the government to produce, for *in camera* review if the Court prefers, every report, note, recording, and communication concerning any contact by federal or state agents with Victim 2 and any benefit offered to him. I also ask leave to present Victim 2's own declaration, under seal, if the Court finds it useful.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 18, 2026, at Pasadena, California.

/s/ *Charles C. Brown*
CHARLES C. BROWN